FILED
2016 Apr-19  AM 09:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| ALAN CONNER, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **3:14-cv-01608-AKK** |
| SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| COMMISSIONER, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM OPINION

Alan Conner brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. §405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge ("ALJ") applied the correct legal standard and that her decision – which has become the decision of the Commissioner – is supported by substantial evidence. Therefore, the court **AFFIRMS** the decision denying benefits.

### I. Procedural History

Conner filed his application for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income on December 27, 2012, alleging a disability onset date of October 31, 2012, due to fibromyalgia, arthritis, chronic

fatigue, osteoarthritis, arthralgia, memory loss, headaches, dizziness, lack of concentration, PTSD (post-traumatic stress disorder), and difficulty sleeping. (R. 13, 65-66). After the SSA denied his application, Conner requested a hearing before an ALJ. (R. 13). The ALJ subsequently denied Conner's claim, (R. 10), which became the final decision of the Commissioner when the Appeals Council refused to grant review, (R. 1-4). Conner then filed this action pursuant to §205(g) of the Act, 42 U.S.C. §405(g). Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. §405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings.  *See Martin*, 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance."  *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §423(d)(1)(A); 42 U.S.C. §416(I).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. §404.1520(a)-(f).   Specifically, the Commissioner must determine in sequence:

(1)     whether the claimant is currently unemployed;

(2)     whether the claimant has a severe impairment;

(3)     whether the impairment meets or equals one listed by the Secretary;

(4)     whether the claimant is unable to perform his or her past work; and

(5)     whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).   "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'"  *Id*. at 1030 (citing 20 C.F.R. §416.920(a)-(f)).  "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV.  The ALJ's Decision

In performing the five step analysis, the ALJ found that Conner had not engaged in substantial gainful activity since October 31, 2012, his alleged onset date, and therefore met Step One. (R. 15).  Next, the ALJ found that Conner satisfied Step Two because he suffered from the "severe" impairments of

fibromyalgia, PTSD, and a history of thyroid cancer. *Id*. The ALJ then proceeded

to the next step and found that Conner did not satisfy Step Three since he "does not

have an impairment or combination of impairments that meets or medically equals

the severity of one of the listed impairments." (R. 16). Although the ALJ

answered Step Three in the negative, consistent with the law, *see McDaniel*, 800

F.2d at 1030, she proceeded to Step Four, where she determined that Conner has

the residual functional capacity (RFC) to:

> perform less than the full range of sedentary work. . . . [Conner] can lift and
> carry 10 pounds[,] frequently stand and walk for 2 hours, sit for 6 hours, and
> [Conner] will need a sit/stand option on the hour. . . . [Conner] can maintain
> concentration, persistence, and pace sufficiently to complete 2-hour work
> intervals for an 8-hour day. . . . [and Conner] can understand, remember, and
> carry out job tasks constantly.

(R. 17). In light of Conner's RFC, the ALJ determined that Conner "is unable to

perform any of his past relevant work." (R. 21). Lastly, in Step Five, the ALJ

considered Conner's age, education, work experience, and RFC, and determined

that "[Conner] has acquired work skills from past relevant work that are

transferable to other occupations with jobs existing in significant numbers in the

national economy." (R. 22). Therefore, the ALJ found that Conner had "not been

under a disability, as defined in the Social Security Act, from October 31, 2012,

through the date of [the ALJ's] decision." (R. 23).

## V.  Analysis

Conner's sole contention on appeal is that the ALJ failed to properly consider the evidence from the Department of Veterans Administration ("the VA") that he submitted to the Appeals Council.  Doc. 9 at 6; (R. 342-364, 369-375).  Subsequent to the ALJ's decision, the VA found that Conner was "unable to work due to [his] service connected disability/disabilities."  (R. 372).  Based on the record, contrary to Conner's contention, the Appeals Council, in fact, made Conner's new submissions part of the record.  *See* (R. 2, 5, 342-364, 369-375).  Specifically, the Appeals Council considered the reasons why Conner disagreed with the ALJ's decision and the additional evidence Conner submitted.  *See* (R. 2, 5, 342-364, 369-375).  However, as the Appeals Council explained, it found that "this information does not provide a basis for changing the Administrative Law Judge's decision."  (R. 2).  While Conner may disagree with this conclusion, nonetheless, these facts are sufficient to establish that the Appeals Council adequately evaluated the new evidence.  *See Parks v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 852-53 (11th Cir. 2015) (holding Appeals Council satisfied its duty when it stated it considered new evidence and added it to record); *see also Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 783 (11th Cir. 2014) ("where the Appeals Council expressly stated in its letter to [the claimant] that it had considered his additional evidence, . . . [the court had] no basis . . . to second-guess

that assertion"). Therefore, Conner's assertion that the Appeals Council made "no evaluation" of the VA's findings is unavailing.

Moreover, although Conner correctly asserts that "the findings of another agency on disability, while not binding on the Commissioner, are entitled to great weight," doc. 9 at 7 (quoting *Falcon v. Heckler*, 732 F.2d 827, 831 (11th Cir. 1984), Conner side steps that, at a minimum, he needs to show that the VA's disability determination is similar to the Commissioner's regulations. *See Werner v. Comm'r of Soc. Sec.*, 421 F. App'x. 935, 940 (11th Cir. 2011) (finding state agency determination was insufficient to call into question ALJ's decision because plaintiff did not present evidence showing state used criteria similar to Commissioner's regulations). Conner never made such a showing, and more importantly, the new evidence — which consists of the VA's decision and award letter — shows that the VA only considered Conner's PTSD, chronic fatigue, and fibromyalgia to be service related disabilities. (R. 345-346). The record before the ALJ, however, did not establish that these conditions rose to the level of a severe impairment. As the ALJ noted, Conner only received conservative treatment for his fibromyalgia and PTSD, and had generally succeeded in controlling his symptoms. (R. 18-19). Next, with regard to the chronic fatigue, the ALJ pointed out that Conner reported an improvement in his energy level to one of his treating physicians, (R. 19, 70, 76, 309), and that none of Conner's treating physicians

indicated that he had any restrictions based on these symptoms, (R. 21).   Put differently, the record before the ALJ failed to establish that Conner had severe disabling conditions, and the VA's finding is insufficient to establish that the ALJ erred.

### V. Conclusion

Based on the foregoing, the court concludes that the Appeals Council properly evaluated Conner's new evidence, the ALJ's determination that Conner is not disabled is supported by substantial evidence, and the ALJ applied the correct legal standards in reaching this determination.   Therefore, the Commissioner's final decision is **AFFIRMED**.

**DONE** the 19th day of April, 2016.

_____

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE